801 A.2d 334 (2002)
353 N.J. Super. 1
SCHOOL ALLIANCE INSURANCE FUND, as subrogee of The GREAT MEADOWS REGIONAL SCHOOL DISTRICT, Plaintiff-Appellant,
v.
FAMA CONSTRUCTION COMPANY and Lehre McGovern Bovis, Inc., incorrectly pled as Lehrer McGovern Bovis Construction Company, Defendants,
and
Thomas Construction Company, Inc., Defendant-Third-Party Plaintiff/Respondent,
v.
Potomac Insurance Company of Illinois, Third-Party Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued May 28, 2002.
Decided June 7, 2002.
Diane A. Bettino, Princeton, argued the cause for appellant (Reed Smith, attorneys; *335 Ms. Bettino and Thomas J. Burns, III, on the brief).
David H. Altman, Hawthorne, argued the cause for respondent Thomas Construction Company, Inc. (Jeffer, Hopkinson & Vogel, attorneys; Mr. Altman on the brief).
Virginia T. Shea, Paramus, argued the cause for respondent Potomac Insurance Company of Illinois (Melli, Guerin & Melli, attorneys; Ms. Shea, on the brief).
Before Judges PETRELLA, KESTIN and ALLEY.
PER CURIAM.
In this appeal, one of the primary issues concerns the effect of a waiver of subrogation clause in a construction contract in which Great Meadows Regional School District (the owner), and Thomas Construction (the contractor), as well as Thomas' subcontractors, waived all rights against each other for "damages caused by fire or other perils" to the extent covered by "any ... property insurance." Great Meadows obtained builder's risk insurance coverage for damage to its school building during its construction.
While construction was progressing, Fama Construction Company, a subcontractor, constructed some concrete masonry walls but did not fit them with temporary bracing. A severe windstorm knocked down several of these unbraced walls.
After the contractor's insurer, Potomac Insurance Company of Illinois, denied coverage, the owner's insurer, appellant School Alliance Insurance Fund (SAIF), paid $309,834.07, which represented the total cost to reconstruct the collapsed walls. As the owner's subrogee, SAIF then filed this action against Thomas, Fama, Potomac, and others, seeking to recover these amounts as damages. On cross-motions for summary judgment, Judge Harry K. Seybolt ruled among other things that SAIF's claims were barred by the waiver of subrogation clause in the construction contract, because the claimed loss was covered by the owner's insurance policy.
On appeal, SAIF contends that the judge erred in dismissing its claim (1) for contractual indemnification against Thomas because the waiver of subrogation clause in the contract allegedly did not void a contractual duty of Thomas to indemnify SAIF and (2) for breach of contract against Thomas for its failure to obtain insurance allegedly required by contract. SAIF further asserts that the judge erred in dismissing its claims against Potomac, because (a) Potomac allegedly covered the contractual indemnification duty of Thomas to SAIF, as subrogee of Great Meadows, irrespective of a purported exclusion in Potomac's policy, and (b) the exclusion in Potomac's policy directly contradicts the reasonable expectations of Thomas and Great Meadows. Finally, SAIF contends that it was error to dismiss its claims because, as a matter of equity and public policy, the taxpayers that fund SAIF, a public entity, should not be responsible for the failure of profit-making, private enterprises, such as Thomas and Potomac, to comply with their contractual duties.
As to the last point, we note that it was not raised before the trial court. We decline to address it for the first time on appeal, being satisfied that it does not sufficiently implicate substantial public interest factors. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234, 300 A.2d 142 (1973).
As to SAIF's remaining contentions, from our review of the parties' arguments in light of the record and applicable *336 principles of law we have concluded that we are in substantial agreement with the reasons for decision set forth by Judge Seybolt in his written opinion of February 21, 2001, reported at 353 N.J.Super. 131, 801 A.2d 459 (Law Div.2001).
Affirmed.